People v Flippen (2025 NY Slip Op 01384)

People v Flippen

2025 NY Slip Op 01384

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2020-01562
 (Ind. No. 3516/18)

[*1]The People of the State of New York, respondent,
v
Robert Flippen, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez and White & Case LLP [Pablo Aabir Das, Alexander Schwennicke, Vatsala Sahay, David Hille, and Clara Petch], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Mogan J. Dennehy, and Melissa Owen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered January 8, 2020, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joanne D. Quinones, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied, after a hearing, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials at the precinct station house. Although the statements were made after the defendant's indelible right to counsel had attached and outside of the presence of his counsel, the statements were voluntary, spontaneous, and not the result of any police conduct or questioning which reasonably could have been expected to elicit an inculpatory response from the defendant (see People v Caro, 177 AD3d 995; People v Velez-Garriga, 159 AD3d 928; People v Adams, 157 AD3d 897, 898; People v Matos, 133 AD3d 885, 889).
The defendant's contention that certain remarks made by the prosecutor during his opening statement and summation, and questions posed by the prosecutor during cross-examination, deprived him of a fair trial is unpreserved for appellate review, as the defendant either failed to object or made only general objections and failed to request curative instructions, and the comments now complained of were not the basis for the defendant's motion for a mistrial (see CPL 470.05[2]; People v Broderick, 199 AD3d 696). In any event, the challenged comments and questions either were fair comment on the evidence (see People v Ashwal, 39 NY2d 105) or, to the extent they were improper, were not so pervasive or egregious as to have deprived the defendant of a fair trial (see People v Bensabeur, 225 AD3d 891).
The defendant's challenge to the verdict sheet is unpreserved for appellate review (see People v Anderson, 76 AD3d 980, 982) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court